```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION
```

CHARLES EDWARD BROWN,            :

    Plaintiff,               :

vs.                              :    CIVIL ACTION 10-0599-CG-M

ATMORE CITY POLICE DEPARTMENT,   :
et al.,
                                 :

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, an Escambia County Detention Center inmate proceeding pro se and in forma pauperis, filed a Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful review, it is recommended that prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the claim for release be dismissed with prejudice as frivolous, the claim against Defendant Jordan be dismissed with prejudice as frivolous, the claim against Defendant Hartley be dismissed with prejudice for failure to state a claim upon which relief can be granted, and the claim against Defendant Paige be dismissed without prejudice for failure to state a claim upon which relief can be granted, and that this action be dismissed in its entirety.

I.  Complaint (Doc. 1).

Plaintiff's claims are based on his arrest on August 5, 2010, for selling two Lortabs and on the subsequent events in his criminal proceedings although the proceedings had not culminated in a trial when the Complaint was filed.  Plaintiff names as Defendants Paige H. ("Defendant Paige"), an officer with the Atmore Police Department and the Task Force, David Jordan, a judge for the District Court of Escambia County, Alabama,[1] and Wade L. Hartley, the public defender.  (Doc. 1 at 5).[2]

The following is a description of Plaintiff's allegations that are pertinent to his claims against these Defendants. Plaintiff alleges that he was arrested at his apartment by the Atmore Police Department on August 5, 2010.  (Id. at 3).  On August 8, 2010, he was taken before Defendant Jordan who set his bond at $200,000.00 for the sale of two Lortabs to his friend, a

---

[1] Plaintiff identifies Judge Jordan as a circuit court judge (id. at 5) and as a district court judge.  (Id. at 3).  The Alabama Legal Directory identifies him as a district court judge for Escambia County, Alabama.  ALA. LEGAL DIRECTORY, at 179 (2010).

[2] These three persons are identified as Defendants in Section III of the complaint form.  Id. at 5; see Doc. 1 at 1, D ("Defendants. The persons who are listed as defendants in section III of the complaint are deemed by the Court to be the only defendants to this action.").

confidential informant.  (Id. at 3-4).  (Plaintiff also alleges, albeit inconsistently, that the purchase was by a task force officer with marked money.  (Id. at 4).)  Plaintiff claims that his $200,000.00 bond "on trumped up charges" was excessive.  (Id. at 5).  To support this claim, Plaintiff attached Exhibit 2(b), which is a letter from the Clerk advising Plaintiff of the $200,000.00 bond.  (Id. at 10).

In regard to Defendant Hartley, Plaintiff alleges that on September 15, 2010, Defendant Hartley entered a written plea of not guilty and waiver of arraignment for Plaintiff.  (Id. at 4).  Subsequently, on October 1, 2010, Plaintiff's bond was reduced to $75,000.00.  (Id. at 3).  Then, on October 4, 2010, Plaintiff received a letter from the Circuit Clerk advising him that since thirty days from his arrest had elapsed, the time for asking for a preliminary hearing had expired.  (Id. at 4).  On another note, Plaintiff attached to his Complaint a letter from his attorney which states, in part:

> Finally, to respond to your third question about being arrested without any physical evidence, I received a copy of the undercover videotape this week that will be used by the State to prosecute you.  It clearly shows the exchange of the pills, you, as well as the other individual present during the transaction; and it records the conversation between you and the confidential informant wherein you answer

>           her question as to what strength they are by
>           saying they are "10s" and telling her to
>           take a whole one.  I will be down week after
>           next once the jury term is over to let you
>           see the video.

Id. at 11, Ex. 3.

Plaintiff's claim against Defendant Hartley is for ineffective assistance of counsel because he allowed over sixty days to pass without a preliminary hearing and Plaintiff was in custody for eighty-five days with "no real proof only conversation with their[] informant."  (Id. at 5-6).

In regard to Defendant Paige, Plaintiff alleges that Defendant Paige, a Task Force officer, has caused him irreparable mental and physical damage through "illegal arrest and imprisonment" and for this he wants to be released.  (Id.). Plaintiff's claim against Defendant Paige is for violating the First and Thirteenth Amendments and for false imprisonment. (Id. at 5).

Plaintiff maintains that he was arrested at his apartment by the Atmore Police Department on August 5, 2010, for the sale of two Lortabs to a confidential informant, his friend.  (Id. at 3).  On the other hand, Plaintiff alleges that the purchase was by a task force officer with marked money.  (Id. at 4).  Then, he denies having bought or sold Lortabs as this was done by the

"Task Force Officer/Agency, Paige H. and the (3) three John Does." (Id.). He also refers the Court to two exhibits attached to the Complaint, which are the summary sheets for his criminal cases as of August 27, 2010, reflecting two charges for unlawful distribution and a bond set at $200,000.00. (Id. at 8-9, Exs. 1, 2).

For relief, Plaintiff seeks damages of $75,000,000.00 for his "illegal arrest and false imprisonment."

II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding in forma pauperis, the Court is reviewing the Complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).[3] Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

---

[3]The frivolity and the failure-to-state-a-claim analysis contained in Neitzke, 490 U.S. 319, 109 S.Ct. 1827, was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Id. at 1348-49.

5

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 566 U.S. ___, ___, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 566 U.S. at ___, 129 S.Ct. at 1949.

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 593, 595-596, 30 L.Ed.2d 652 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, 556 U.S. ___, 129 S.Ct. 1937 (2009). Furthermore, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

III. Legal Analysis.

    A.  Claim Against Defendant Jordan.

Plaintiff complains that the $200,000.00 bond set by Defendant Jordan after his arrest for the sale of two Lortabs was excessive. Later, Plaintiff's bond was reduced to $75,000.00.

In a § 1983 action, a judge is entitled to absolute judicial immunity from damages for those acts taken while he was acting in his judicial capacity unless he acted in the "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 357, 362, 98 S.Ct. 1099, 1105, 1107, 55 L.Ed.2d 331 (1978) (internal

7

quotation marks omitted); Simmons v. Conger, 86 F.3d 1080, 1084–85 (11th Cir. 1996); Scott v. Hayes, 719 F.2d 1562, 1563 (11th Cir. 1983).  A judge is entitled to this immunity even though the act he undertook "was in error, was done maliciously, or was in excess of [his] authority."  Stump, 435 U.S. at 356, 98 S.Ct at 1105.  Absolute judicial immunity ensures "that a judicial officer, in exercising that authority vested in him, [is] free to act upon his own convictions, without apprehension of personal consequences to himself," id. at 355, 98 S.Ct. at 1104 (internal quotation marks omitted), which is a "principle of the highest importance to the proper administration of justice[.]" Id. (internal quotation marks omitted).

Defendant Jordan is a judge for the District Court of Escambia County, Alabama.  Plaintiff dealt with Defendant Jordan in his judicial capacity because setting a bond after an arrest is an act that a judge typically performs.  Moreover, an Alabama district court has "jurisdiction to admit a defendant to bond after arrest."  Morton v. State, 651 So.2d 42, 47 (Ala. Crim. App. 1994) (citing ALA. CODE §§ 15-4-9(b); 15-6-22; 15-9-42, -43, -44; 15-11-3, -4; and 15-13-107(a), (b)).  Thus, it is clear that Defendant Jordan was acting within his jurisdiction and was in his judicial capacity when he dealt with Plaintiff.  Defendant Jordan is therefore entitled to absolute judicial immunity from any damages claim because both prongs of the Stump test are

satisfied, and he is due to have the damages claims against him dismissed as frivolous. Simmons, 86 F.3d at 1084-85.

The fact that Plaintiff takes issue with the correctness of Defendant Jordan's ruling does not deprive Defendant Jordan of absolute judicial immunity from damages. One of the reasons for judicial immunity is to allow a judge to exercise his authority without apprehension of consequences to himself such as a lawsuit. Stump, 435 U.S. at 364, 98 S.Ct. at 1108.

B. Claim Against Defendant Hartley.

Plaintiff describes his claim against Defendant Hartley as one for ineffective assistance of counsel based on Defendant Hartley's allowing sixty days to pass without a preliminary hearing and entering a written plea of not guilty and waiver of arraignment.

A necessary element in a § 1983 action is that the defendant have acted under color of state law when the alleged constitutional deprivation was committed. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986). In a § 1983 action, criminal defense counsel does not act under color of state law in the absence of a conspiracy. Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981)(public defender); Slavin v. Curry, 574 F.2d 1256, 1264 (5th Cir.) (retained counsel), overruled by on other

9

grounds by Sparks v. Duval County Ranch Co., 604 F.2d 976 (5th Cir. 1979).[4]

In Polk County, the Supreme Court reasoned that "[e]xcept for the source of payment, [the] relationship [between criminal defendant and defense counsel is] identical to that existing between any other lawyer and client." Id. at 318, 102 S.Ct. at 449. The Polk County Court concluded that "[t]his [relationship] is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed." Id. at 319, 102 S.Ct. at 450 (footnote omitted). The Court determined that court-appointed, criminal defense counsel carried out the traditional functions of a lawyer representing a criminal defendant and therefore did not act under color of state law. Id. at 325, 102 S.Ct. at 453. Thus, the Court ruled that the § 1983 complaint must be dismissed against criminal defense counsel for lack of state action. Id.

Based on the Complaint's allegations, Defendant Hartley did not act under color of state law. Accordingly, Plaintiff has failed to state a claim upon which relief may granted against Defendant Hartley.

---

[4]The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

10

C. Claim Against Defendant Paige.

Plaintiff claims that the Atmore Police Department arrested him at his apartment on August 5, 2010, that the "task force officer charged [him] with selling pill Lortab to [his] friend," and that he never bought or sold Lortabs, but "[t]his was done by the Task Force Officer/Agency, Paige H. and the (3) three John Doe[s]." (Id. at 3-4). Plaintiff charges Defendant Paige with violations of the First and Thirteenth Amendments and with false imprisonment. (Id. at 5). He then requests damages for his illegal arrest and false imprisonment. (Id. at 7).

A complaint is required to contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), possessing "enough heft to sho[w] that the pleader is entitled to relief." Twombly, 550 U.S. at 557, 127 S.Ct. at 1966. While this rule does not require detailed factual allegations, a plaintiff is still "obligat[ed] to provide the 'grounds' of his entitle[ment] to relief' [which] requires more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action . . . ." Id. at 555, 127 S.Ct. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim to relief that is plausible on its face." Id. at 555, 570, 127 S.Ct. at 1965, 1974.

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. That is, the plaintiff must do more than simply allege misconduct possibly occurred; he must show that he is entitled to relief from a defendant. Id. at 1950.

When reviewing a complaint, a court will view the complaint in a light most favorable to the plaintiff and take as true the factual allegations, but not the legal conclusions couched as factual allegations. Id. at 1949-50. However, a plaintiff's failure to "nudge [his] claim[] across the line from conceivable to plausible[,]" id. at 570, 127 S.Ct. at 1974, will result in the complaint's dismissal. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) ("[a] complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face.").

In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in the plaintiff's favor, "but we are not required to draw plaintiff's inference." Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir.), cert. denied, 549 U.S. 1032 (2006). Similarly, "'unwarranted deductions of fact' in a complaint are not

admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." Sinaltrainal, 578 F.3d at 1268.

In the present action, Plaintiff's assertion that his rights under the First and Thirteen Amendment were violated is lacking in factual support. This is a conclusory assertion with no indication as to how this assertion is connected to the scant facts that can be deemed to be related to Defendant Paige. Nor are there facts alleged that would support a claim under either amendment. Accordingly, the Court finds that a claim for a violation of the First and Thirteenth Amendments lacks plausibility and therefore fails to state a claim upon which relief can granted.

Turning to the claims of illegal or false arrest and false imprisonment, the decision in Wallace v. Kato, 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 807 (2007), defines these causes of action.

> False arrest and false imprisonment overlap; the former is a species of the latter . . . . We shall thus refer to the two torts together as false imprisonment. That tort provides the proper analogy to the cause of action asserted against the present respondents for the following reason: The sort of unlawful detention remediable by the tort of false imprisonment is detention without legal process . . . .
>
> Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to

13

>     such process-when, for example, he is bound
>     over by a magistrate or arraigned on
>     charges. . . .
>
>     If there is a false arrest claim,
>     damages for that claim cover the time of
>     detention up until issuance of process or
>     arraignment, but not more.

Id. at 1095-96, 127 S.Ct. at 388-90.

Plaintiff's allegations are primarily directed to a false arrest claim, with the false imprisonment claim merely being based on the fact that he was detained after he was arrested. However, his allegations offer little or no information to show that the arrest was false or illegal, that his imprisonment was false, and then how Defendant Paige's actions violated a constitutional right. In fact, the role of Defendant Paige in Plaintiff's arrest is not clearly conveyed and the allegations do not show that Defendant Paige proximately caused Plaintiff's arrest. See Clark v. Miller, CA No. 09-0694-CG-B, 2011 WL 777935, at *8 (S.D. Ala. Feb. 25, 2011) (Granade, J.) (unpublished) (in order for an officer's conduct to be actionable, his "conduct must have proximately caused the plaintiffs' arrest"). Defendant Paige's name is mentioned along with other entities such as the Atmore Police Department, Task Force Officer/Agency, and three other unnamed officers with no specific facts distinguishing Defendant Paige's actions in the arrest from actions by the other entities. (Id. at 4).

Whereas, in order to state a § 1983 claim, a plaintiff must establish a causal connection between a defendant's actions, orders, customs, or policies and a deprivation of his constitutional rights. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir.), cert. denied, 464 U.S. 932 (1983). Accordingly, Plaintiff has not clearly described Defendant Paige's role in his arrest.

In addition, to not being able to discern Defendant Paige's precise role in Plaintiff's arrest, the Court is not able to discern the basis for contending that the arrest was false. Plaintiff has denied having in his possession or making a sale of Lortab 10's to anyone, and says the sale was done by an officer. (Id. at 4). On the other hand, Plaintiff attached a letter from Defendant Hartley describing an undercover video showing Plaintiff exchanging pills with the confidential informant and recording the conversation between them regarding the strength of the pill and how to take the pill. (Id. at 11).

A false arrest claim fails when the officer has probable cause to make the arrest. Rushing v. Parker, 599 F.3d 1263, 1265 (11th Cir. 2010); see Ortega v. Christian, 85 F.3d 1521, 1524-26 (11th Cir. 1996) (An arrest made with probable cause constitutes an absolute bar to a § 1983 action for false arrest). A "law enforcement officer has probable cause to arrest a

15

suspect if the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Von Stein v. Brescher, 904 F.2d 572, 578 (11th Cir. 1990). Therefore, in light of the information contained in Defendant Hartley's letter, it appears that there is evidence to dispute Plaintiff's denial of a transaction and possession, and more importantly, to support a finding of probable cause.

However, at this point it is Plaintiff's burden to show that he has a plausible claim for false arrest. Plaintiff has not made this showing as his denial is a general denial with no specific facts offered in support and he does not counter the information in Defendant Hartley's letter. Cf. Wright v. Dodd, ___F.3d ___, 2011 WL 3611972, at *1 (11th Cir. Aug. 18, 2011) (unpublished) (affirming the district court's sua sponte dismissal for failure to state a false arrest claim when "the complaint allege[d] in conclusory fashion that the police arrested Wright without a warrant, but d[id] not allege any facts showing that the police lacked probable cause to arrest him"). Thus, Plaintiff has not alleged a plausible false arrest claim.

Furthermore, "allegations that are contradicted by other allegations in the complaint may also constitute grounds for dismissal." Battle v. Central State Hosp., 898 F.2d 126, 130 n.3 (11th Cir. 1990). It is clear that the information in the letter contradicts Plaintiff's conclusory claim of false arrest based on his general denial.

Accordingly, the Court finds that Plaintiff's claims for false arrest and for false imprisonment fail to state claim upon which relief can be granted.[5]

D. Request for Release.

In Plaintiff's description of his claims, he mentions that he wants to be released. (Doc. 1 at 4). But for this lone request, Plaintiff's other requests for relief are for damages. Release, however, is not a remedy that is available in a § 1983 action. Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995) ("'habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks

---

[5] Due to it being recommended that the false arrest claim be dismissed, Plaintiff is advised that the statute of limitations for a § 1983 action is two years from when the claim accrues. Lufkin v. McCallum, 956 F.2d 1104, 1106, 1108 (11th Cir.), cert. denied, 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l).

The decision in Wallace v. Kato, supra, identifies the statute of limitations beginning to run on a false arrest/false imprisonment claim when a plaintiff is detained pursuant to legal process, e.g., is bound over by a magistrate, arraigned on charges, Kato, 549 U.S. at 1096, 127 S.Ct. at 391.

17

immediate or speedier release'") (quoting Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)). This request for release is, therefore, frivolous.

IV. Conclusion.

Based upon the foregoing reasons, it is recommended that prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the claim for release be dismissed with prejudice as frivolous, the claim against Defendant Jordan be dismissed with prejudice as frivolous, the claim against Defendant Hartley be dismissed with prejudice for failure to state a claim upon which relief can be granted, and the claim against Defendant Paige be dismissed without prejudice for failure to state a claim upon which relief can be granted.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. Objection. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a
> magistrate judge in a dispositive matter, that is, a

matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing
a "Statement of Objection to Magistrate Judge's
Recommendation" within ten days[6] after being served
with a copy of the recommendation, unless a different
time is established by order.  The statement of
objection shall specify those portions of the
recommendation to which objection is made and the
basis for the objection.  The objecting party shall
submit to the district judge, at the time of filing
the objection, a brief setting forth the party's
arguments that the magistrate judge's recommendation
should be reviewed *de novo* and a different disposition
made.  It is insufficient to submit only a copy of the
original brief submitted to the magistrate judge,
although a copy of the original brief may be submitted
or referred to and incorporated into the brief in
support of the objection.  Failure to submit a brief
in support of the objection may be deemed an
abandonment of the objection.A magistrate judge's
recommendation cannot be appealed to a Court of
Appeals; only the district judge's order or judgment
can be appealed.

2.   Transcript (applicable where proceedings tape recorded).
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

   DONE this 29th day of August, 2011.


                              s/ Bert W. Milling, Jr.
                              BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE

---

[6] Effective December 1, 2009, the time for filing written
objections was extended to "14 days after being served with a
copy of the recommended disposition[.]"  FED.R.CIV.P. 72(b)(2).

19